IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MEYERS,

   Petitioner,

v.

JUDGE NIEMEYER, *Fourth Circuit Judge,*
JUDGE MOTZ, *Fourth Circuit Judge,*
JUDGE KING, *Fourth Circuit Judge,*
TONY WEBB, *Clerk,*
KIRSTEN HANCOCK, *Clerk,*
TAYLOR BARTON, *Clerk,*
N. ANOWI,
MARK E. O'BRIEN, *Chief Deputy Clerk,*
CHIEF JUDGE ALBERT DIAZ,
JAMES ISHIDA,
U.S. COURT OF APPEALS FOR THE
 FOURTH CIRCUIT, and
CLERK'S OFFICE,

   Respondent.

Civil Action No.:  DKC-23-3014

## MEMORANDUM OPINION

    Self-represented Petitioner David Meyers, an inmate currently incarcerated at the Alexander Correctional Institution in Taylorsville, North Carolina, filed the above captioned "Petition for Writ of Mandamus: In the U.S. District Court for the District of Maryland Concerning the Unceasing Tyrrany [sic] and Felony Corruption in the U.S. Court of Appeals for the Fourth Circuit". ECF No. 1.  Mr. Meyers has not paid the filing fee or sought leave to proceed *in forma pauperis*.  Because the matter must be dismissed, he will not be required to cure the deficiency.

    On the same day Mr. Meyers filed this Petition, he filed a second Petition for Writ of Mandamus seeking to compel certain actions by this court. *Meyers v. U.S. Dist. Court Dist. of Maryland*, Civil Action No. DKC-23-3015 (D. Md.).  Accompanying the Petition is Mr. Meyers'

Motion to Consolidate.  ECF No. 2.  As the actions are sufficiently unrelated and name different Respondents, the Motion to Consolidate will be denied.

In this case, Mr. Meyers complains that Respondents owe him "a duty to perform competent and professional and impartial Clerk's services . . . to file his notice of appeals, motions to consolidate notice of appeals and certificate of service pleadings that contain more than one case and more than one appellate number in the pleadings paragraphs and in the pleadings argument." ECF No. 1 at 1.  Mr. Meyers' allegations are not always well-defined.  It is clear, however, that he is dissatisfied with how his papers are docketed in the United States Court of Appeals for the Fourth Circuit.  *Id*. at 3.  He complains about a prefiling injunction that has been entered against him by that court that prohibits him from filing documents that contain more than one case number in the caption.  *Id*.  He notes his unsuccessful efforts to consolidate cases and to note appeals and maintains that the Clerk's office has misconstrued the injunction.  *Id.* at 3-4.  He seeks an order vacating the prefiling injunction.  *Id.* at 7.

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  *See In re Braxton,* 258 F. 3d 250, 251 (4th Cir. 2002); *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).  The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361.  *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

Further, mandamus is a drastic remedy used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F. 3d 509, 516-17 (4th Cir. 2003). Only "exceptional circumstances" amounting to "a judicial usurpation of power" or a "clear abuse of discretion" will justify the award of mandamus. *Cheney v. U.S. District Court of the District of Columbia*, 542 U.S. 367, 380 (2004).

Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Central South Carolina Chapter, Soc. Of Professional Journalists, Sigma Delta Chi v. United States Dist. Court for the Dist. Of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977); *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n v. Baker,* 860 F. 2d 135, 138 (4th Cir. 1988); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Here, Mr. Meyers does not establish that he has a clear right to the relief he requests or that Respondents have a clear duty to perform a ministerial action. To the contrary, Mr. Meyers is attempting to circumvent the prefiling injunction entered against him by the Fourth Circuit. Mandamus is not a substitute for appeal. Mr. Meyers has other means to pursue the relief he seeks. He may resubmit his filings to the Fourth Circuit as directed by the Clerk of that Court and in compliance with the Court's Order, he may file motions for reconsideration, and/or he may seek review in a higher court.

As Mr. Meyers does not satisfy his burden of showing that he has no other adequate means of relief or that his right to the relief requested is clear, the Petition for Writ of Mandamus is denied. A separate Order follows.

>          /s/
> DEBORAH K. CHASANOW
> United States District Judge